UNITED STATES of America, Plaintiff–Appellee,

v.

Peppi A. MILLER, Defendant–Appellant.

No. 01–3959.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

PER CURIAM.

Defendant Peppi A. Miller appeals his conviction pursuant to 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Specifically, Miller contends that the district court committed plain error by allowing Special Agent Nicholas Vouvalis to testify about the interstate nexus element of the offense. For the following reasons, we affirm.

## BACKGROUND

The facts of this case are essentially undisputed. On August 29, 2000, police officers Steven Zedella and Gregory Rodes observed a Plymouth Voyager minivan traveling northbound on Lakeview Avenue in Cleveland, Ohio. The minivan went left of center and crossed the double yellow line before turning onto Primrose Avenue, without signaling. The officers activated their emergency lights and siren and pursued the minivan, which slowed but did not stop. While in pursuit, the officers observed the driver of the minivan reaching across the vehicle, over the passenger seat. Zedella, who had previously owned a Plymouth Voyager minivan, knew that there was a drawer located under the front passenger seat in that type of vehicle.

After the minivan came to a stop, Miller, the driver, exited the vehicle from his side. Rodes drew his firearm and ordered Miller back into the car; Miller complied. Rodes then approached the driver's side of the minivan, while Zedella approached the passenger side and shined a flashlight into the passenger compartment. Miller was the car's only occupant. Zedella testified that the drawer beneath the passenger seat was ajar, and that he could see the grip of a handgun protruding from the drawer, in plain view. The firearm was seized and Miller was arrested for carrying a concealed weapon and cited for various traffic violations.

At trial, the owner of the minivan, Bernadine Miller, testified that she had loaned the vehicle to Miller, but that she did not own a gun, did not keep one in the vehicle, and had never before seen the firearm in question. Special Agent Nicholas Vouvalis of the Bureau of Alcohol Tobacco and Firearms ("ATF") was allowed to testify, without objection, as an expert witness for the purpose of determining the interstate nexus of the firearm. He stated that the markings on the firearm indicated that it had been "manufactured in Spain by Llama and imported into the United States by RSA Enterprises in Ocean, New Jersey," so that it had traveled in interstate commerce. The jury found Miller guilty of being a felon in possession of a firearm, and he was sentenced to 51 months of imprisonment and two years of supervised release.

## STANDARD OF REVIEW

"The question of admissibility of expert testimony is reviewed for an abuse of discretion." *United States v. Harris*, 192 F.3d 580, 588 (6th Cir.1999). Because Miller did not object to Vouvalis's testimony at trial, however, we review this issue for plain error pursuant to Fed.R.Crim.P. 52(b).

## DISCUSSION

Miller contends that the district court committed plain error by allowing Vouval-

is's expert testimony regarding the interstate nexus element of the alleged violation of 18 U.S.C. § 922(g)(1), which forbids a felon to "possess ... or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Specifically, Miller asserts that Vouvalis's analysis, which consisted of looking at the weapon and interpreting its identifying marks, failed to satisfy Fed.R.Evid. 702, which requires "the testimony [to be] based upon sufficient facts or data, ... [to be] the product of reliable principles and methods, and ... the witness [to have] applied the principles and methods reliably to the facts of the case." Miller points out that Vouvalis could not determine the date of the firearm's manufacture, nor did he do any follow-up work to verify that it had indeed been manufactured in Spain and imported into New Jersey.

Vouvalis testified that he had been an ATF Special Agent for nearly fourteen years and had been the firearms interstate nexus expert for the Cleveland office since 1992. He attended the interstate nexus school in California, which instructed him in determining "the different points of origin for manufacture of firearms and ammunition and the importation of such firearms." He had also taken an advanced interstate nexus course three or four years prior to the instant case. Vouvalis stated that approximately fifty percent of his time was spent as an interstate nexus expert, that he had testified in court proceedings in the Northern District of Ohio, and that he had rendered his expert opinion regarding the origin of a firearm fifty to sixty times. He also testified, from his personal knowledge, that Llama firearms are not among those brands manufactured in the state of Ohio, and that RSA has no direct importing offices located in Ohio.

This testimony is sufficient to establish the interstate nexus of the instant offense. This court has held that "proof that the firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected interstate commerce." *United States v. Jones,* 533 F.2d 1387, 1393 (6th Cir.1976). Further, "[t]he government may satisfy its burden of establishing that the firearm was manufactured outside the state in which the possession occurred by presenting the testimony of a witness who, through personal experience, knows the place of manufacture of the firearm and by making the witness available for cross-examination." *United States v. Vincent,* 20 F.3d 229, 236 (6th Cir.1994). *Vincent* found the interstate nexus established where an ATF agent testified that he was personally aware that Colt firearms are manufactured in Connecticut, and that they were not (and never had been) manufactured in Michigan. *Id.* at 236–37. *Vincent* affirms the admissibility of such testimony despite its hearsay nature. Additionally, though defense counsel's questioning in the instant case intimated the possibility that the weapon is a counterfeit, this court has previously upheld testimony similar to Vouvalis's over such an argument. *United States v. Ward,* Nos. 95–1109, 95–1178, 1996 WL 20506, *2 (6th Cir.1996) (noting that "[t]he defense offered no evidence, or even a plausible theory, suggesting that the weapon was a counterfeit."). Accordingly, the district court did not commit plain error by allowing Vouvalis's testimony.

**AFFIRMED.**